IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

CHUBB NATIONAL INSURANCE COMPANY )
)
    Plaintiff, )
) No.:
vs. )
)
THE ESTATE OF ROBERT O'BLOCK, )
)
CHARLES FLEMING, )
)
    and )
)
DARLA LONG, )
)
    Defendants. )

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Chubb National Insurance Company, for its Complaint for Declaratory Judgment under 28 U.S.C. §§ 2200 and 2201 and Rule 57 of the Federal Rules of Civil Procedure, states:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Chubb National Insurance Company ("Chubb") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business within the State of New Jersey. Chubb is engaged in the business of writing contracts of insurance and is licensed to conduct insurance business in the State of Missouri.

2. Defendant The Estate of Robert O'Block is a citizen of the State of

Illinois, in so far as its appointed Personal Representative, Nicholas O'Block, is a citizen of the State of Illinois. *See Janzen v. Goos*, 302 F.2d 421, 425 (8th Cir. 1962) (stating "it is the fiduciary's personal citizenship, not the identity of the state from which he receives his appointment ... which is pertinent to the ascertainment of the existence of diversity.").

3. Defendant Charles Fleming is a citizen of the State of California. He is the natural father of Tiffany Fleming.

4. Defendant Darla Long is a citizen of the State of Missouri. She is the natural mother of Tiffany Fleming.

5. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

6. Venue is proper in the Western District of Missouri under 28 U.S.C. § 1391(a).

### GENERAL ALLEGATIONS

7. Chubb brings this action seeking the interpretation of insurance policies described below and a declaration of its rights and obligations thereunder.

8. An actual justiciable controversy exists between Chubb and Defendants, and litigation as to this controversy is imminent and inevitable. Resolution of the matters raised in this action will dispose of all issues between the parties under the Chubb policies.

9. All necessary and proper parties are before the Court for the matters in controversy.

10. Chubb has no other adequate remedy at law.

### THE CHUBB MASTERPIECE POLICIES

11. Effective March 17, 2017, to March 17, 2018 (although cancelled on September 8, 2017), Chubb issued an insurance policy with a Personal Liability Coverage part, Policy No. 13448869-01 ("the Primary Policy"). A true and accurate copy of the Chubb Primary Policy is attached as Exhibit 1.

12. Effective March 17, 2017, through March 18, 2018 (although cancelled on September 8, 2017), Chubb issued an excess insurance policy, Policy No. 13448869-03 ("the Excess Policy"). A true and accurate copy of the Chubb Excess Policy is attached as Exhibit 2.

### THE UNDERLYING LITIGATION

13. The Estate of Robert O'Block is a Defendant in the case, *Charles Fleming, individually and on behalf of all beneficiaries for the wrongful death of Tiffany Fleming v. The Estate of Robert O'Block*, Case No. 2031-CC00810 ("the Underlying Litigation"), which is now pending in the Circuit Court of Greene County, State of Missouri. A true and accurate copy of the Petition for Wrongful Death in the Underlying Litigation is attached as Exhibit 3.

14. Charles Fleming has filed a two-count Petition for Wrongful Death against The Estate of Robert O'Block in the Underlying Litigation seeking both

compensatory and punitive damages. He bring the Underlying Litigation individually and on behalf of all beneficiaries for the wrongful death of Tiffany Fleming.

15. In his Petition, Charles Fleming alleges Decedent Tiffany Fleming had been living with Decedent Robert O'Block at the time of Decedent Tiffany Fleming's death on July 30, 2017.

16. Further, Charles Fleming alleges Decedent Tiffany Fleming was "shot and killed" by Decedent Robert O'Block, whose actions Charles Fleming seeks to impute to The Estate of Robert O'Block in the Underlying Litigation, to the extent Charles Fleming claims The Estate "is responsible for the acts and omissions of Robert O'Block toward Tiffany Fleming."

## GROUNDS FOR DECLARATORY RELIEF

17. The Primary Policy issued by Chubb contains the following exclusions that apply to the claims asserted in the Petition filed in the Underlying Litigation:

> **Exclusions**
>
> These exclusions apply to this part of your Masterpiece Policy, unless stated otherwise:
>
> \* \* \*
>
> **Covered person's or dependent's personal injury.**
> We do not cover any damages for personal injury for any covered person or their dependents where the ultimate beneficiary is the offending party or defendant. We also do not cover any damages for personal injury for which you or a family member can be held legally liable, in any way, to a spouse, a family member, a person who lives with you, or a person named in the Coverage Summary. We also do not cover any damages for personal injury for which a spouse, a family member, a

4

person who lives with you, or a person named in the Coverage Summary can be held legally liable, in any way, to you or a family member.

* * *

**Intentional acts.**
We do not cover any damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected. But we do cover such damage if the act was intended to protect people or property unless another exclusion applies. An intentional act is one whose consequences could have been foreseen by a reasonable person. This exclusion does not apply to Employment practices liability coverage.

18. The Excess Policy only provides coverage on a "follow form" basis, and is subject to, and incorporates, the provisions, terms, conditions, and exclusions contained in the Primary Policy.

19. The "**Covered person's or dependent's personal injury**" exclusion pleaded in Paragraph 17 bars coverage for the Underlying Litigation both under the Primary and Excess policies issued. Fleming's claims against The Estate of Robert O'Block fall under the exclusion's provisions because the claims arise from personal injury for which The Estate of Robert O'Block may be held legally liable, in any way, to a person who lived with Decedent Robert O'Block.

200. Further, the "**Intentional acts**" exclusion pleaded in Paragraph 17 bars coverage for the Underlying Litigation both under the Primary and Excess policies issued. Fleming's claims against the Estate of Robert O'Block fall under the exclusion's

provisions because the claims arise from an act intended by any covered person to cause personal injury, with the alleged shooting and killing of Decedent Tiffany Fleming by Decedent Robert O'Block on July 30, 2017.

21.     Finally, neither the Primary Policy nor Excess Policy affords coverage for claims seeking punitive damages in so far as those damages do not constitute a form of liability covered by either Policy's terms and are otherwise barred by public policy.

WHEREFORE, Plaintiff Chubb National Insurance Company respectfully prays for the following relief:

A.     A declaratory judgment construing the terms and provisions of both the Primary Policy and the Excess Policy and determining the rights and obligations of Chubb and Defendants thereunder;

B.     A declaratory judgment that Chubb has no duty to provide a defense to Defendant The Estate of Robert O'Block against the Underlying Litigation;

C.     A declaratory judgment that Chubb has no duty to provide coverage or indemnify Defendant The Estate of Robert O'Block for any judgment that may be entered against it in the Underlying Litigation;

D.     An award of Chubb's attorney fees and costs; and

E.     Such further relief as the Court may deem just and proper.

6

Case 6:20-cv-03288-MDH   Document 1   Filed 09/15/20   Page 6 of 7

Respectfully submitted,

/s/ David R. Buchanan

David R. Buchanan #29228
T. Michael Ward #32816
Taylor L. Connolly #66865

BROWN & JAMES, P.C.
2345 Grand Boulevard, Suite 2100
Kansas City, Missouri 64108
816-472-0800
816-421-1183 – Facsimile

dbuchanan@bjpc.com
tmward@bjpc.com
tconnolly@bjpc.com

*Attorneys for Plaintiff*
*Chubb National Insurance Company*

23963364.1.tlc