IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 6:20-cv-03288-MDH<br>) |
| THE ESTATE OF ROBERT O'BLOCK, and CHARLES FLEMING, | )<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff Chubb National Insurance Company's Motion for Summary Judgment. (Doc. 18). Plaintiff filed a Complaint for Declaratory Judgment requesting the Court determine the parties' rights and obligations under insurance policies issued by Plaintiff to Defendant the Estate of Robert O'Block. The insurance coverage relates to an underlying lawsuit filed by Defendant Charles Fleming, individually and on behalf of all beneficiaries for the wrongful death of Tiffany Fleming, in the Circuit Court of Greene, County Missouri, against defendant The Estate of Robert O'Block ("the Underlying Litigation"). Specifically, Plaintiff seeks the Court's determination that Chubb does not owe The Estate of Robert O'Block a defense for the claims asserted in the Underlying Litigation. Plaintiff also seeks the Court's determination that Chubb does not owe any duty to indemnify The Estate of Robert O'Block for any prospective judgment that may be entered against The Estate of Robert O'Block in the Underlying Litigation alleging the Chubb insurance policies do not provide coverage for any claim asserted by Charles

1

Fleming in the Underlying Litigation.  Plaintiff has moved for summary judgment seeking an order that it owes no duty to defend or indemnify Defendants for the Underlying Litigation.

## BACKGROUND

The Underlying Litigation arose following the fatal shooting of Tiffany Fleming by Robert O'Block on July 30, 2017.  In this action, Plaintiff contends Tiffany Fleming was living with O'Block in his home at the time of the shooting.  Plaintiff argues that in the Underlying Litigation Charles Fleming alleges that Fleming was shot and killed by O'Block and imputes the action to The Estate of Robert O'Block.  Plaintiff, argues in this case, that both the primary insurance policy and excess insurance policy issued by it contain a "Covered person's or dependent's personal injury" exclusion that bars coverage for "any damages for personal injury for which you or a family member can be held legally liable, in any way, to a spouse, a family member, ***a person who lives with you***, or a person named in the Coverage Summary." (***emphasis added***).  Further, Plaintiff alleges both the primary insurance policy and excess insurance policy issued by it contain an "Intentional acts" exclusion that bars coverage for "any act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected."

Plaintiff argues Charles Fleming's claims in the Underlying Litigation, individually as well as on behalf of all other wrongful death beneficiaries, fall squarely within the policies' aforementioned exclusions.  Plaintiff seeks this Court's determination that the Chubb policies do not afford coverage for the claims asserted by Charles Fleming in the Underlying Litigation as a matter of law.  Defendant Fleming opposes the motion for summary judgment and argues there is a question of fact as to whether the exclusion applies – specifically where Tiffany Fleming was living at the time of her death.  Further, Defendant argues the intentional acts exclusion does not

2

Case 6:20-cv-03288-MDH   Document 24   Filed 06/15/21   Page 2 of 6

bar coverage because the Underlying Litigation also brings claims of negligence. Finally, Defendant argues the covered person exclusion does not apply because it is inapplicable to the wrongful death claims of Defendant Fleming and the other beneficiaries.

## STANDARD

Summary judgment is proper if, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## DISCUSSION

To begin, the parties' dispute arises in part from the "Covered Person" exclusion. Plaintiff argues the exclusion bars coverage for Charles Fleming's wrongful death claims for the death of Tiffany Fleming because she was living with O'Block in his Highland Springs home at the time of her death. Plaintiff argues the Covered Person exclusion does not cover damages to a "person who lives with" O'Block if the damages were caused by O'Block.

3

The Court finds there is a genuine dispute as to whether Tiffany Fleming was in fact living with O'Block at the time of her death. Plaintiff argues that "local Springfield news reports" and the original Petition filed in Greene County in the Underlying Litigation indicate Tiffany Fleming was living with O'Block at the time of her death. Defendant contends that neither the news reports, or the original petition, determine where Tiffany Fleming was living at the time of her death and at best there is a genuine dispute as to where she was living at that time. Defendant notes that there is an Amended Petition filed in the underlying litigation that "corrects the error" regarding where Tiffany Fleming was living.[1] Defendant argues, as pled in the Amended Petition, Tiffany Fleming was not living at O'Block's residence and that she lived with her mother in Rogersville, Mo. Here, the Court finds that the dispute over where Tiffany Fleming was living at the time of her death creates a dispute that prevents summary judgment on Plaintiff's claims under the covered person or dependent person's exclusion. Summary judgment on this issue is denied.[2]

Further, Plaintiff contends that the intentional acts exclusion negates coverage for the Underlying Litigation. Plaintiff argues the allegations regarding the events on July 30, 2017 leading to Tiffany Fleming's death were intentional and fall under this exclusion. Defendant states that the Underlying Litigation also includes a claim for negligence and that claims of negligence are covered under the policy. Here, the Court finds the Underlying Litigation contains allegations of both intentional and negligent actions of O'Block and the Court cannot find that the intentional acts coverage bars coverage of the Underlying Litigation at this time.

---

[1] Defendant states when the Amended Petition was filed in the Underlying Litigation, no Answer had been filed, and that a pleading may be amended once as a matter of law pursuant to the Missouri Rules of Civil Procedure. Rule 55.33(a).

[2] Defendant also argues that the covered person exclusion is also inapplicable because it is irrelevant to where Tiffany Fleming lived. Defendant contends a wrongful death claim is a claim that rests solely in the hand of the beneficiary at the time of death and belongs to the decedent's survivor not the decedent.

While not argued by the parties the Intentional Acts exclusion also states:… "An intentional act is one whose consequences could have been foreseen by a reasonable person." The Court finds it is unclear at this time how this policy provision applies to the coverage that may or may not apply to the Underlying Litigation. The specific events that led to and resulted in the fatal shooting of Tiffany Fleming are unknown. This issue, coupled with the claims of negligence, preclude summary judgment on the determination of Plaintiff's policy coverage at this time. Wherefore, for the reasons set forth herein, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

In addition, Plaintiff argues that only Defendant Fleming filed an opposition to the motion for summary judgment and as a result the failure of defendants the Estate of Robert O'Block and Darla Long to respond to the pending motion deem its statement of facts admitted against those Defendants. Plaintiff further argues defendant Long has failed to respond to the Complaint and as a result the allegations that Tiffany Fleming was residing at O'Block's residence should be deemed admitted. Plaintiff argues summary judgment should be granted because the facts it has set forth, specifically where Tiffany Fleming was living, should be deemed admitted because of the failure of the other Defendants to respond.

Here, the Court has found there is a material dispute that prevents summary judgment on the coverage issues as stated herein. However, the Court hereby **ORDERS** defendant Darla Long to show cause within 15 days of the date of this Order why a default judgment should not be entered against her for failure to respond to the Complaint. The Court further **ORDERS** defendant The Estate of Robert O'Block to show cause within 15 days why it has failed to respond to the pending motion for summary judgment.

**IT IS SO ORDERED.**

DATED: June 15, 2021

                                                        */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**