IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 6:20-cv-03288-MDH ) |
| THE ESTATE OF ROBERT O'BLOCK, and CHARLES FLEMING, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff Chubb National Insurance Company's Second Renewed Motion for Summary Judgment. (Doc. 41). Plaintiff filed a Complaint for Declaratory Judgment requesting the Court determine the parties' rights and obligations under insurance policies issued by Plaintiff to defendant the Estate of Robert O'Block. The Court previously ruled on Plaintiff's Motion for Summary Judgment (Doc. 24) and Plaintiff has now filed a second renewed motion for summary judgment after discovery.

The issues raised are the same, the case involves insurance coverage as it relates to an underlying lawsuit filed by defendant Charles Fleming, individually and on behalf of all beneficiaries for the wrongful death of Tiffany Fleming, in the Circuit Court of Greene County, Missouri, against defendant The Estate of Robert O'Block ("the Underlying Litigation"). Specifically, Plaintiff seeks the Court's determination that Chubb does not owe The Estate of Robert O'Block a defense for the claims asserted in the Underlying Litigation. Plaintiff also seeks the Court's determination that Chubb does not owe any duty to indemnify The Estate of Robert

1

O'Block for any prospective judgment that may be entered against The Estate of Robert O'Block in the Underlying Litigation. Plaintiff alleges the Chubb insurance policies do not provide coverage for any claim asserted by Charles Fleming in the Underlying Litigation. Plaintiff has filed a second renewed summary judgment seeking an order that it owes no duty to defend or indemnify Defendants for the Underlying Litigation because of the policy's "Covered Person's or dependent's personal injury" exclusion.

## BACKGROUND

The relevant language under the Primary Policy states the following under Personal Liability Coverage, Defense Coverage:

> We will defend a covered person against any suit seeking covered damages for personal injury or property damage or for covered damages under Employment practices liability, if Employment practices liability coverage is shown in the Coverage Summary.

The Primary Policy under "Exclusions" states: "These exclusions apply to this part of your Masterpiece Policy, unless stated otherwise."[1]

> **Covered person's or dependent's personal injury**. We do not cover any damages for personal injury for any covered person or their dependents where the ultimate beneficiary is the offending party of defendant. We also do not cover any damages for personal injury for which you or a family member can be held legally liable, in any way, to a spouse, a family member, a person who lives with you, or a person named in the Coverage Summary. We also do not cover any damages for personal injury for which a spouse, a family member, a person who lives with you, or a person named in the Coverage Summary can be held legally liable, in any way, to you or a family member.

The Amended Petition in the underlying proceeding was filed by Charles Fleming, individually and on behalf of all beneficiaries of Tiffany Fleming, asserting claims for the wrongful death of his daughter. In the initial Petition Fleming alleged that decedent Tiffany Fleming had

---

[1] The Excess Policy contains an identical "Intentional Acts" exclusion.

"moved into O'Block's home."  However, Fleming amended his Petition and in the amended petition did not allege Tiffany Fleming lived in, or had moved into, O'Block's home.  Plaintiff, relying on the deposition testimony of a witness Cumings (Tiffany Fleming's friend) alleges Tiffany Fleming had her own bedroom in O'Block's home, kept clothes and make-up there, and slept at the house three nights a week prior to the shooting that occurred on July 30, 2017. Defendant Charles Fleming disputes these allegations and states Tiffany Fleming did not own or rent any rooms at O'Block's residence and that the Amended Petition in the underlying proceeding does not allege she lived in the home.  In support of this denial, Charles Fleming cites to Tiffany Fleming's driver's license, an affidavit of Tiffany Fleming's family members, mail addressed to Tiffany Fleming, and deposition testimony.  Charles Fleming contends Tiffany Fleming lived at a home in Rogersville, MO at the time of her death.

In addition, Charles Fleming states that Tiffany Fleming is not, and never has been, a family member or spouse of O'Block and is not a person named in the Coverage Summary.

## STANDARD

Summary judgment is proper if, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

3

242, 248 (1986). To do so, the moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

Again, Plaintiff argues, as it did in its prior motion, that it is entitled to summary judgment based on the "Covered Person" exclusion. Specifically, Plaintiff argues the exclusion bars coverage for Charles Fleming's wrongful death claims for the death of Tiffany Fleming because she was living with O'Block in his home at the time of her death. Plaintiff argues the Covered Person exclusion does not cover damages to a "person who lives with" O'Block if the damages were caused by O'Block. Plaintiff contends Tiffany Fleming had a room at the O'Block home where she kept personal items and that she slept/spent three out of every seven nights at the home.

In Missouri, "[i]t is the insured's burden to establish coverage under the policy and the insurer's burden to show that an exclusion to coverage applies." *Bauer v. AGA Serv. Co.*, No. 20-3711, 2022 WL 385921, at *2 (8th Cir. Feb. 9, 2022), citing, *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins.*, 880 F.3d 1007, 1009 (8th Cir. 2018). "Missouri courts strictly construe exclusionary clauses against the insurer." *Id.*

Here, just as the Court previously ruled in its prior Order (Doc. 24), after a review of the record before the Court, the Court finds there remains a genuine dispute of material fact as to where Tiffany Fleming was living at the time of her death. Plaintiff's argument regarding what was alleged in the original Petition is not controlling when, as Defendant notes, an Amended Petition was filed that "corrects the error" regarding where Tiffany Fleming was living. Defendant argues, as pled in the Amended Petition, Tiffany Fleming was not living at O'Block's residence and that she lived with her mother in Rogersville. Here, the Court finds that the dispute over where Tiffany

4

Fleming was living at the time of her death remains an issue that creates a dispute that prevents summary judgment on whether Plaintiff's claims fall under the covered person or dependent person's exclusion. As a result, Plaintiff's second renewed motion for summary judgment is denied.

## CONCLUSION

Wherefore, for the reasons set forth herein, plaintiff Chubb National Insurance Company's Second Renewed Motion for Summary Judgment. (Doc. 41) is **DENIED.**

**IT IS SO ORDERED.**

DATED: March 3, 2022

                                                         */s/ Douglas Harpool*
                                                        **DOUGLAS HARPOOL**
                                                        **UNITED STATES DISTRICT JUDGE**