# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHUBB NATIONAL INSURANCE COMPANY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case No. 6:20-cv-03288-MDH |
| THE ESTATE OF ROBERT O'BLOCK, and CHARLES FLEMING, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff Chubb National Insurance Company's First Renewed Motion for Summary Judgment. (Doc. 39). Plaintiff filed a Complaint for Declaratory Judgment requesting the Court determine the parties' rights and obligations under insurance policies issued by Plaintiff to Defendant the Estate of Robert O'Block. The Court previously ruled on Plaintiff's Motion for Summary Judgment (Doc. 24) and Plaintiff has now filed a first renewed motion for summary judgment after discovery.

The issues raised are the same, the case involves insurance coverage as it relates to an underlying lawsuit filed by Defendant Charles Fleming, individually and on behalf of all beneficiaries for the wrongful death of Tiffany Fleming, in the Circuit Court of Greene County, Missouri, against defendant The Estate of Robert O'Block ("the Underlying Litigation"). Specifically, Plaintiff seeks the Court's determination that Chubb does not owe The Estate of Robert O'Block a defense for the claims asserted in the Underlying Litigation. Plaintiff also seeks the Court's determination that Chubb does not owe any duty to indemnify The Estate of Robert

1

O'Block for any prospective judgment that may be entered against The Estate of Robert O'Block in the Underlying Litigation. Plaintiff alleges the Chubb insurance policies do not provide coverage for any claim asserted by Charles Fleming in the Underlying Litigation. Plaintiff has filed a first renewed summary judgment seeking an order that it owes no duty to defend or indemnify Defendants for the Underlying Litigation because of the policy's "intentional act" exclusion.

## BACKGROUND

The relevant language under the Primary Policy states the following under Personal Liability Coverage, Defense Coverage:

> We will defend a covered person against any suit seeking covered damages for personal injury or property damage or for covered damages under Employment practices liability, if Employment practices liability coverage is shown in the Coverage Summary.

The Primary Policy under "Exclusions" states: "These exclusions apply to this part of your Masterpiece Policy, unless stated otherwise."[1]

> **Intentional acts**. We do not cover any damages arising out of a willful, malicious, fraudulent or dishonest act or any act intended by any covered person to cause personal injury or property damage, even if the injury or damage is of a different degree or type than actually intended or expected. But we do cover such damages if the act was intended to protect people or property unless another exclusion applies. An intentional act is one whose consequences could have been foreseen by a reasonable person. This exclusion does not apply to Employment practices liability coverage.

The Amended Petition in the underlying proceeding alleges that "On the evening of July 30, 2017, Tiffany and O'Block were at O'Block's home at 3686 E. Kingswood Dr. when they began arguing. O'Block physically assaulted and restrained Tiffany, refusing to let Tiffany leave the home. In response, Tiffany sprayed O'Block with mace or pepper spray. O'Block battered Tiffany,

---

[1] The Excess Policy contains an identical "Intentional Acts" exclusion.

and eventually shot and killed her."  The Amended Petition also alleges O'Block refused to receive counseling or treatment for his violent and abusive behavior or for his drug use and abuse and that he was suffering the violent effects of medication use when he shot and killed Fleming.

Count One brings a claim for wrongful death by O'Block's intentional torts and alleges O'Block acted with intent to cause bodily harm, including conduct in assaulting, battering, shooting and killing Fleming with evil motive, maliciously and without justification and excuse.

In Count Two, the Amended Petition alleges that decedent Tiffany Fleming's wrongful death was caused by decedent O'Block's negligence.  Count Two, Paragraph 31, states "Plaintiff incorporates all paragraphs and subparagraphs of this Petition more fully herein by reference." This would include the allegations of O'Block's intentional acts, raised in the General Allegations and in Count One.  In Paragraph 30 the Amended Petition states, in part:

> O'Block's conduct in assaulting, battering, shooting and killing Tiffany was done with evil motive, maliciously and without justification or excuse.  O'Block's conduct was committed with complete indifference to, and conscious disregard for, the life of Tiffany and to the rights and well-being of Plaintiffs. …

In addition, the following facts are submitted in the summary judgment briefing:  On the evening of July 30, 2017, just prior to the subject shooting, only Robert O'Block, Tiffany Fleming, and Billie Jean Cummings were located inside the home at 3686 E. Kingswood Dr.  Defendant states that "it is unknown whether any other people were present in the home but offers no contradictory evidence and relies on a witness' statement that "to my knowledge, no" in response to a question about whether anyone else was in the home.

Cummings, the only eyewitness, testified the last thing she observed prior to hearing gunshots was "Dr. O'Block standing over her [Tiffany Fleming] with the gun. As she's [Tiffany Fleming] laying on the floor in pain."  Cummings also testified she heard three consecutive gun shots being fired inside the home approximately 8 seconds after seeing O'Block standing over

3

Fleming while holding a gun. In the underlying litigation, Plaintiff states O'Block shot and killed Fleming with a fatal gunshot wound to her head.

Defendant argues the intentional acts exclusion does not bar coverage because the Underlying Litigation alleges Fleming's wrongful death was caused by O'Block's negligence and therefore not excluded by the Policies. Defendant submits, in its briefing, that O'Block did not intend to kill or to shoot Fleming. However, this is in sharp contrast to the allegations raised in the Amended Petition.

Defendant further submits there is a factual dispute over the number of gunshots fired and the shell casings found in the home; that O'Block did not expect Cummings to be at the house; that he wrote a note blaming Cummings for the deaths of Fleming and O'Block (prior to shooting himself); and that there is a "lot of confusion about what exactly happened on the night of July 30, 2017 at the home." Defendant submits it is possible that O'Block attempted to defend his house, himself, and Tiffany Fleming from an intruder on July 30, 2017, and did not intend to kill Fleming. However, again, this is not what is pled in the Amended Petition, nor submitted through the testimony of the only eye-witness.

Finally, Defendant further submits that both O'Block and Fleming were under the influence of hydrocodone, hydromorphone and dihydrocodeine. Finally, Defendant argues the insurance policies are ambiguous.

In response, Chubb cites to the Amended Petition that specifically alleges "O'Block battered Tiffany and eventually shot and killed her." Plaintiff argues although the Petition also alleges negligence there is no dispute that the death was caused by O'Block shooting and killing Fleming and that the only eyewitness saw Dr. O'Block standing over Fleming with a gun just prior to hearing the shots being fired.

4

Case 6:20-cv-03288-MDH    Document 66    Filed 03/03/22    Page 4 of 7

**STANDARD**

Summary judgment is proper if, viewing the record in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To do so, the moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**DISCUSSION**

In Missouri, "[i]t is the insured's burden to establish coverage under the policy and the insurer's burden to show that an exclusion to coverage applies." *Bauer v. AGA Serv. Co.*, No. 20-3711, 2022 WL 385921, at *2 (8th Cir. Feb. 9, 2022), citing, *Elec. Power Sys. Int'l, Inc. v. Zurich Am. Ins.*, 880 F.3d 1007, 1009 (8th Cir. 2018). "Missouri courts strictly construe exclusionary clauses against the insurer." *Id.*

Plaintiff contends that the intentional acts exclusion negates coverage for the Underlying Litigation. Plaintiff argues the allegations and evidence regarding the death of Tiffany Fleming were intentional acts and fall under this exclusion. Plaintiff argues the record shows the underlying

5

Case 6:20-cv-03288-MDH   Document 66   Filed 03/03/22   Page 5 of 7

lawsuit is based on O'Block's assault of, and shooting and killing of, Fleming. Plaintiff states this clearly falls under the intentional acts' exclusion.

Defendant argues that the Underlying Litigation also includes a claim for negligence and that claims of negligence are covered under the policy and therefore coverage exists. Defendant also contends the events of that evening are still in dispute and questions regarding what specifically happened remain.[2] After a careful review of the allegations, and the record submitted to the Court, the Court finds that the Underlying Litigation is in fact based on allegations, evidence, and testimony of O'Block's intentional actions. As a result, the Court finds that the intentional acts exclusion bars coverage of the Underlying Litigation based on O'Block's actions on the night of Tiffany Fleming's death.

The Intentional Acts exclusion further states:… "An intentional act is one whose consequences could have been foreseen by a reasonable person." The Court finds based on the allegations, and the evidence submitted, O'Block's actions and the consequences of the same could be foreseen by a reasonable person. Further, while the First Amended Petition does include a claim of negligence based on the same actions of O'Block, that count specifically incorporates all prior paragraphs of the petition, including the allegations of the intentional and malicious conduct of O'Block.

Wherefore, for the reasons set forth herein, the Court **GRANTS** Plaintiff's First Renewed Motion for Summary Judgment. The Court finds judgment in favor of Plaintiff that it owes no

---

[2] Based on the record before the Court there is no evidence O'Block was protecting his home from an intruder, or any other individual, and the only eye-witness saw O'Block standing over Fleming pointing a gun at her just prior to the shots being fired. This, coupled with Plaintiff's own allegations in the underlying litigation, support O'Block's intentional acts.

duty to defend or indemnify defendant the Estate of Robert O'Block for the underlying litigation based on the intentional acts exclusion.

**IT IS SO ORDERED.**

DATED: March 3, 2022

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**